2010 ND 215

**JLY TRANSPORT, INC., Claimant and Appellant**

v.

**WORKFORCE SAFETY & INSURANCE FUND,**
Appellee

and

**John Holmgren, Respondent.**

No. 20100156.

Supreme Court of North Dakota.

Nov. 9, 2010.

Rehearing Denied Dec. 2, 2010.

Stephen D. Little, Bismarck, N.D., for claimant and appellant.

Douglas W. Gigler, Special Assistant Attorney General, Fargo, N.D., for appellee.

SANDSTROM, Justice.

[¶ 1] JLY Transport appeals the district court's order affirming a decision by

Workforce Safety and Insurance ("WSI") to enter into a stipulation with John Holmgren to pay disability and medical benefits. We hold WSI had a reasonable basis to enter into the stipulation with Holmgren, and we affirm.

I

[¶ 2] Holmgren was employed as an over-the-road truck driver by JLY Transport for approximately four months in 2008. During this time, Holmgren told his employer, Jim Yantzer, the seat in his truck was not working properly and was causing him back pain.

[¶ 3] Holmgren filed a claim with WSI in May 2008. WSI offered to settle the claim through a stipulation, which Holmgren agreed to in August 2008. In the stipulation, WSI stated its intention to resolve the dispute "amicably without litigation," but noted it was not accepting or admitting liability on the claim. Under the stipulation terms, Holmgren would receive $4,664.29 for temporary total disability benefits as well as reimbursement for his medical expenses. The stipulation also barred any future payments on this claim. JLY refused to sign the stipulation, alleging Holmgren did not suffer a work injury, and requested an administrative hearing.

[¶ 4] Holmgren and Yantzer both testified at the hearing before the administrative law judge ("ALJ"). The ALJ found Holmgren's pain began within a few weeks of his employment with JLY.[1] Holmgren stated the pain progressively became more severe and he eventually sought chiropractic treatment. According to Holmgren's testimony, his back pain left him unavailable to drive for approximately a month and a half. The ALJ quoted the chiropractor's notes, which stated Holmgren

1. This case arose after the enactment of N.D.C.C. § 65–02–22.1. Therefore, this appeal comes from the final decision of the administrative law judge.

was suffering from a "really, really sore" lower back as a result of a "really bad" truck seat. Holmgren testified he kept getting thrown up and out of his seat, which caused his pain. He received regular chiropractic treatment throughout the term of his disability, until finally reaching a level of "maximum medical improvement." Upon being released by his doctor to drive again, he contacted JLY to return to work, but was never given a response. Yantzer testified Holmgren was terminated. The ALJ found that Holmgren had been injured while working as a truck driver for JLY, that he notified Yantzer of his problems, and that he sought chiropractic treatment to correct them. As a result, the ALJ concluded WSI had a reasonable basis to enter into the stipulation with Holmgren. JLY appealed to the district court, which affirmed the ALJ's decision.

[¶ 5] JLY argues on appeal that Holmgren did not suffer a compensable injury and there was no reasonable basis for WSI to enter into the stipulation with Holmgren.

[¶ 6] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. §§ 27–05–06, 65–10–01, and 28–32–42. JLY's appeal was timely under N.D.R.App.P. 4(a) and N.D.C.C. § 28–32–49. This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28–32–49.

## II

[¶ 7] On appeal from the district court, we review the administrative agency's decision in the same manner the district court reviewed the decision of the agency. N.D.C.C. § 28–32–49. "WSI is responsible for weighing the credibility of witnesses and resolving conflicts in the evidence, and we do not make independent findings of fact or substitute our judgment

for that of the agency." *Tverberg v. Workforce Safety and Ins.*, 2006 ND 229, ¶ 8, 723 N.W.2d 676 (citation and quotation omitted). "We determine only whether a reasoning mind reasonably could have determined that the factual conclusions reached were proved by the weight of the evidence from the entire record." *Id.* (quoting *Power Fuels, Inc. v. Elkin*, 283 N.W.2d 214, 220 (N.D.1979)).

[¶ 8] WSI is authorized to resolve disputed claims by entering into a stipulation with a worker under N.D.C.C. § 65–05–25(2). The decision to enter into a stipulation is left to the discretion of WSI. *See Schiff v. N.D. Workers Comp. Bur.*, 480 N.W.2d 732, 735 (N.D.1992). We must decide whether WSI abused its discretion in entering into the stipulation with Holmgren.

## III

[¶ 9] JLY contends WSI abused its discretion by entering into the stipulation, because it never proved Holmgren suffered a compensable injury. JLY relies on the opinions of two truck drivers who found no problems with the seat and an inspection by Trucks of Bismarck that revealed no mechanical problems with the seat. It also argues Holmgren's pain stemmed from a preexisting condition, relying on an entry in the chiropractic records stating, "There is mild degenerative narrowing of the L5–S1 disc space."

[¶ 10] The ALJ was able to directly consider not only this evidence, but the evidence presented by Holmgren as well. Holmgren's evidence included his direct testimony, the medical reports compiled by his chiropractor, and rebuttal evidence showing the seat defect he alleged was different from the one inspected by Trucks of Bismarck. Weighing the evidence presented by both parties, the ALJ concluded

WSI had a reasonable basis to enter into the stipulation with Holmgren.

 [¶ 11] Nothing in N.D.C.C. § 65–05–25(2) requires a compensable injury to be proven before WSI may enter into a stipulation with a worker. The language stating WSI "may compromise to resolve a disputed claim" implies just the opposite. *See id.* The power to stipulate allows the agency and the worker to avoid the expense and acrimony of proving a compensable injury through litigation. The ALJ reasonably could conclude Holmgren presented enough credible evidence on which a stipulated compromise could be based. No further finding was required.

## IV

[¶ 12] JLY additionally argues it was improper to charge the employer's premium account in the absence of a finding of a compensable injury. This issue was not raised either before WSI or in the specification of error in the district court, as required. N.D.C.C. § 28–32–42(4). Therefore, it is not properly before this Court and is not considered. *See Midthun v. Workforce Safety & Ins.*, 2009 ND 22, ¶ 7, 761 N.W.2d 572.

[¶ 13] We affirm.

[¶ 14] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, MARY MUEHLEN MARING, and DANIEL J. CROTHERS, JJ., concur.